UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____ )
CARMEN LLERENA DIAZ,                      )
                                                         )
                        Plaintiff            )
                                                         )
v.                                                     )        Civil Action No. 08-10143 NG
                                                         )
JITEN HOTEL MANAGEMENT, INC., )
                                                         )
                        Defendant          )
_____ )

**JOINT PRE-TRIAL MEMORANDUM**

   Pursuant to the Order Regarding Trial and Pre-Trial entered by the Court in this matter on February 22, 2011, the parties to this action hereby submit the following joint pre-trial memorandum:

**I. NAME, ADDRESSES, AND PHONE NUMBERS OF TRIAL COUNSEL**

**Plaintiff:**

Lynn A. Leonard
Attorney At Law
527 Main Street, Ste. 8
Melrose, MA  02176
(781) 662-6161

**Defendant:**

Ryan C. Siden
Siden & Associates, P.C.
20 Park Plaza, Ste. 804
Boston, MA  02116
(617) 423-5999

Evan Fray-Witzer
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 804

Boston, MA 02116
Ph: (617) 426-0000

**II. WHETHER THE CASE IS TO BE TRIED WITH OR WITHOUT A JURY**

This case will be tried with a jury.

**1.      CONCISE SUMMARY OF POSITION**

**Plaintiff**:

Plaintiff Carmen Llerena Diaz was the victim of age discrimination in employment.

Specifically, she was subject to age-based harassment, received disparate discipline, unequal pay

raises and was terminated based upon an unlawful consideration of her age.  She is seeking

emotional distress and punitive damages.

Plaintiff was the Executive Housekeeper for the Holiday Inn Express owned and operated

by Jiten Hotel Management ("JHM").  She received consistent positive verbal and written

performance evaluations during her 21-year tenure as a hotel employee including Department

Head of the Year award in 2001 and in 2003.  Prior to 2004, plaintiff received annual raises

while employed for JHM.  She did not receive a raise in 2004, 2005 or 2006.  At about the same

time, the General Manager, Mitesh Patel, began to make disparaging age-based comments and

treat plaintiff in an abusive manner.

Defendant utilizes a Payroll Increase Guide to determine annual pay raises for its

employees.  There are only two instances in which an employee would not receive a pay raise.

One is if there is a pay raise freeze implemented by the owner, and the second is if the reviewing

manager decides the employee does not merit a raise.  During the time that plaintiff was

employed at the Holiday Inn Express, every management employee was under age 40, except for

James Krusky, who was age 45.  And, every management employee, except for plaintiff, received a raise during the period 2004 to 2006.

Evaluations and raises are done during the month of May at the Holiday Inn Express.  In July 2005, plaintiff asked Mitesh Patel why she did not get an evaluation and a raise in 2004.  He replied that Ms. Diaz was already making a lot of money and should be thankful that she had a job.  Plaintiff cried and never asked him again for fear that she would be fired.  On April 27, 2006, plaintiff wrote a letter to General Manager Chet Patel requesting an evaluation and a salary increase.  She did not receive a response to the letter, but learned that other hotel employees had already received their annual raises.  Plaintiff followed up on the letter with Chet Patel in late July 2006 and was summarily terminated shortly thereafter on August 1, 2006 at the age of 61.

Mitesh Patel was the General Manager of the Holiday Inn Express and plaintiff's superior from 1997 through approximately March 2006.  Thereafter, he continued to be present at the hotel, involved in management decisions and to oversee the plaintiff until she separated from employment on August 1, 2006.  In fact, Mitesh Patel actively participated in an onsite investigation involving plaintiff in July 2006 when he requested that Director of Sales Daniela DePina write a letter regarding the plaintiff.

In 2004 and 2005, plaintiff noticed changes in the way Mitesh Patel treated her at work. He began to criticize her decisions, belittled and embarrassed her in front of her staff over insignificant housekeeping issues and often became verbally and mentally abusive.  Mitesh Patel made derogatory age-based comments to plaintiff and allowed similar statements by other employees.  In 2004 and in 2005, Mitesh Patel asked plaintiff on a few occasions when she planned to retire and commented that she was "getting old."

In early 2005, Mitesh Patel asked plaintiff, "Why do you hire old people? You are going to convert this hotel into a nursing home."  This comment was made after Plaintiff hired a 52-year-old laundry attendant.  In 2004, Mitesh Patel commented that a new haircut made plaintiff "look younger."  In 2005, Mitesh Patel commented that plaintiff looked like "an old pumpkin" when she wore an orange coat to an in-house birthday party.  Mitesh Patel stated that Plaintiff looked like "an old shoe" and "an old hankie."

Dawn Fazio was employed at the Holiday Inn Express from July 2002 to January 2004. She worked in the Housekeeping Department.  At the time, Carmen Diaz was the Executive Housekeeper and her direct supervisor.  Mitesh Patel was the General Manager of the hotel.  Ms. Fazio observed that Mitesh Patel treated older staff members more harshly than the predominantly younger staff at the hotel.  He routinely referred to Houseman Rafael Betances as an "old man" and questioned his ability to do the job because of his age.  At the time, Mr. Betances was in his fifties.  He also singled out and mistreated a room attendant named Krystyna Kedra, who was approximately sixty years old.  Mitesh Patel stated to Ms. Fazio that he would like to promote her to the position held by Carmen Diaz.  He stated that he did not know if plaintiff could do the job anymore because she was getting old.  Ms. Fazio was 31 years old at the time.

In 2004, Mitesh Patel also made offensive age-based comments to plaintiff regarding Houseman Rafael Betances.  He stated that Mr. Betances was "slow" and "too old".  Mitesh Patel eventually terminated Mr. Betances.  Mitesh Patel continued to harass and mentally abuse plaintiff until early 2006.   He told her to "shut up" in front of her subordinates.  He gave her directives such as ordering supplies and then reprimanded her for doing what he asked her to do. When he was angry, he scrutinized her work and found fault with her performance.  Moreover,

4

he modeled disrespect by undermining plaintiff's authority in the presence of her subordinates. A subordinate of plaintiff laughed at her after Mitesh Patel ripped up a performance warning she had issued to him.  Plaintiff observed that Mitesh Patel treated the predominantly younger staff differently.  He screamed at plaintiff for any reason at any time.

Mitesh Patel's openly abusive treatment of plaintiff had a trickle down affect among managers and coworkers.  In the winter of 2006, Manager Daniela DePina told Plaintiff that "old people must remain home."  In June 2006, Daniela DePina stated that management viewed Carmen Diaz as "too old" for the job.  In July 2006, Ms. DePina prepared a written statement at the request of Mitesh Patel and Chet Patel on behalf of another employee, Ramon Suero, in which she characterized plaintiff as "a lonely old lady."  Mr. Suero testified that it was Ms. DePina who authored the statement, that the content of the statement was false and that he signed the statement out of fear of losing his job. Chet Patel read the statement and agreed that the reference to plaintiff as a "lonely old lady" was inappropriate but took no action.

In 2005 and 2006, Oswaldo Lopez openly and customarily referred to plaintiff as an "old lady".  In December 2004, plaintiff contacted corporate Vice President Beth Scherer regarding Mitesh Patel's abusive conduct and requested a meeting. A meeting was held with Beth Scherer, Carmen Diaz and Mitesh Patel.  At the meeting, plaintiff reported Mitesh Patel's abusive and demeaning conduct in front of her subordinates and its impact on their perception of her as a leader.  Plaintiff cried during the meeting and Ms. Scherer had observed her crying in her office on another occasion.  Ms. Scherer sent plaintiff flowers after she complained about Mitesh Patel in December 2004, but otherwise took no remedial action.  Ms. Scherer concluded, without an investigation, that what plaintiff reported had no merit.  After the meeting, Mitesh Patel continued to harass plaintiff and his conduct escalated.

5

In 2002, Mitesh Patel issued a written warning to Carmen Diaz based upon a "hearsay" complaint from another employee.  Plaintiff was 59 years old at the time.  Mitesh Patel did not subject similarly situated younger employees to disciplinary action.  It was reported that Oswaldo Lopez, age 38, had an affair with a coworker in a hotel room at the Holiday Inn Express while on duty.  In contrast to his treatment of the plaintiff, Mitesh Patel did not issue a written warning to Mr. Lopez because it was a "hearsay" complaint.  On June 1, 2005, plaintiff documented a verbal warning to Houseman Nelson Hernandez, age 23, for failure to perform his job duties as requested.  Mitesh Patel ripped up the document in the presence of Mr. Hernandez and plaintiff; he stated that Mr. Hernandez was "just joking" and that "he would not do it again."

Age discrimination affected plaintiff's ability to perform her job.  She felt "tied up" to her chair and not capable of doing things because she was intimidated by Mitesh Patel.  She could not sleep at night due to work-related stress and would fall asleep on the job. She was humiliated in front of co-workers, which affected her self-esteem, and she suffered panic attacks.  She was absent from work due to work-related stress and sought counseling in 2005.  Subsequent to her termination, she became depressed and continued in counseling.  She continues to suffer emotional distress to date.

**Defendant:**

The Defendant Jiten Hotel Management, Inc. ("Jiten") denies plaintiff Carmen Llerena Diaz's ("Ms. Diaz's) claims that it violated the Age Discrimination in Employment Act (ADEA) 29 U.S.C. §§ 621-634 and M.G.L. c. 151B § 4.  Jiten asserts that the evidence will demonstrate that: (1) it terminated Ms. Diaz rightfully for cause; (2) Ms. Diaz's failure to receive raises between 2005 and the date of her termination, on August 1, 2006 was not the result of any age-based discrimination but the legitimate non-discriminatory decisions of two separate general

managers; and (3) Jiten denies that a hostile ageist environment existed at the Holiday Inn

Express in Dorchester, MA.  Jiten will call several of Ms. Diaz's former co-workers who were

employed with her at the time in question – and are still employed there today – who will testify

that no such ageist environment or atmosphere existed.  Ms. Diaz's former co-workers are

expected to testify to quite the opposite, that Ms. Diaz was often a difficult employee to work

with, and that Mitch Patel as General Manager operated a strict, but entirely fair workplace.

In its defense, Jiten will demonstrate that Ms. Diaz's allegations of what she claims Mitch

Patel to have said her – are wholly unsupported except for the testimony of Ms. Diaz herself.

Jiten plans to challenge the testimony of Dawn Fazio and Luz Perez as untimely and unduly

prejudicial hearsay.  Ms. Fazio, who worked closely with Ms. Diaz for two years under Mitch

Patel is unable to testify that Mitch Patel directly made these comments to Ms. Diaz.  Ms. Perez

purports to provide testimony on comments made by Mitch Patel dating from 1997 – this time

frame is wholly unrelated to the time frame to seven years later in 2004 when Ms. Diaz alleges

Mitch Patel began making abusive statements.

Jiten vehemently denies that Mitch Patel had any involvement whatsoever in the

termination of Ms. Diaz.  The evidence will show that at the time of Ms. Diaz's termination,

Mitch Patel had assumed the duties of General Manager at a Courtyard Marriott in Revere, MA.

Jiten's Beth Bleakney, Chet Patel and James Krusky will testify that they were the management

employees responsible for investigating the behavior violations of Ms. Diaz.  They will also

testify that it was their decision to terminate Ms. Diaz – and Mitch Patel was not involved.

Jiten disputes the allegation that an ageist hostile environment existed at the Holiday Inn

Express in Dorchester, MA.  Ms. Diaz has claimed that Mitch Patel, Daniela DePina, in addition

to other employees made ageist comments that were discriminatory towards her.  Mitch Patel has

denied forthrightly all allegations that the made offensive comments to Ms. Diaz including that she looked like "an old pumpkin", "an old shoe" and "an old hankie".  The evidence will show that Ms. Diaz, other than her own testimony, has been unable to corroborate through other witnesses that Mitch Patel actually made such comments to her.  Jiten expects to put forth several other witnesses that worked with Mitch Patel during the time period Ms. Diaz claims – and all will testify that they never witnessed such behavior between Mitch Patel and Ms. Diaz, nor did they witness any similar behavior between Mitch Patel and another individual.

As to Ms. DePina, she has denied under oath that she made the comments attributed to her by Ms. Diaz.  Jiten believes the evidence will demonstrate that the disputes between Ms. Diaz and Mitch Patel, if any, likely revolved around Ms. Diaz's own personally harbored animus against persons of Asian-Indian descent in an authority position over her coupled with her own problem of receiving constructive criticism from Mitch Patel in front of other employees.

## IV. STIPULATED FACTS

The parties stipulate to the following facts:

1. The plaintiff, Carmen Llerena Diaz worked as an Executive Housekeeper for twenty-one years in the same hotel.  Jiten Hotel Management, Inc. bought the hotel in approximately 1997. Plaintiff continued working for JHM as the Executive Housekeeper.

2.  On April 27, 2006, plaintiff wrote a letter to General Manager Chet Patel requesting an evaluation and a salary increase.

3.  On August 1, 2006, the defendant terminated plaintiff's employment.  Plaintiff was born on July 16, 1945 and was 61 years old at the time she was terminated.

4.  On August 7, 2006, plaintiff filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination ("MCAD") and with the Equal Employment Opportunity Commission ("EEOC") charging JHM with age discrimination.

## V. CONTESTED ISSUES OF FACT

**Plaintiff's contested issues of fact:**

1.      Whether plaintiff was terminated for offensive conduct toward hotel staff and guests.


**Defendant's Contested Issues of Fact:**

1.      Whether or not Jiten discovered evidence of Ms. Diaz's offensive, racist and condescending behavior towards guests and co-workers during the July 31, 2006 investigation;

2.      Whether or not Jiten acted lawfully in terminating Ms. Diaz for cause on August 1, 2006;

3.      Whether or not Mitch Patel allegedly made offensive, condescending remarks to Ms. Diaz that were age-based and, if so, if such comments were sufficiently severe or pervasive to effect the terms and conditions of her employment;

4.      Whether or not a fellow employee, Shrikant Ashar stated, "this company does not like old people" to Ms. Diaz;

5.      Whether or not Daniela DePina, former Sales Manager, stated to Ms. Diaz that, "old people must remain home".

6.      Whether or not Mitch Patel, through his actions, created hostile atmosphere at HIE towards older workers;

7.      Whether or not other subordinates of Mitch Patel participated in the alleged hostile environment by making ageist remarks;

8.      Whether or not Mitch Patel would tell Ms. Diaz to "shut up", and that he intentionally belittled her in front of co-workers;

9.      Whether or not – if Mitch Patel did make harsh comments to Ms. Diaz – such comments were motivated by a bias against her based on her age;

10.      Whether or not  Mitch Patel played any role whatsoever in Ms. Diaz's termination;

11.     Whether or not Mitch Patel engaged in any harassing or abusive behavior after August 1, 2006;

12.     Whether or not Jiten articulated a legitimate non discriminatory reason for opting not to grant Ms. Diaz a raise in 2005 and 2006.

## VI. JURISDICTIONAL QUESTIONS

None.

## VII. ISSUES OF LAW, INCLUDING EVIDENTIARY QUESTIONS

Whether or not Jiten can present after-acquired evidence concerning  Ms. Diaz's use of racial slurs in the event the jury does rule that she was wrongfully denied a raise and/or wrongfully terminated.

Whether or not Ms. Diaz can base her claims entirely on alleged stray remarks, made by a non-decision maker and not temporally related to her termination, despite clear First Circuit precedent to the contrary.  See, e.g., Melendez v. Autogermana, Inc., 622 F.3d 46, 54-55 (1st Cir. 2010)("We have explained, however, that  'stray workplace remarks,' as well as statements made either by non-decisionmakers or by decisionmakers not involved in the decisional process, normally are insufficient, standing alone, to establish either pretext or the requisite discriminatory animus.").  *See also McMillan v. Mass. Soc'y for the Prevention of Cruelty to Animals*, 140 F.3d 288, 301 (1st Cir. 1998) ("[E]ven if [stray] remarks are relevant for the pretext inquiry, their probativeness is circumscribed if they were made in a situation temporally remote from the date of the employment decision.").

Whether or not Ms. Diaz has any live claims concerning her alleged "wrongful termination," given that she unambiguously moved to have all such claims dismissed (based on her determination that discovery did not support such claims), and given that this Court dismissed such claims in a previous order.

Whether or not Massachusetts law allows Ms. Diaz to present a mixed-motive case for age discrimination under Chapter 151B.

Whether or not Ms. Diaz can present expert witnesses, despite having failed to comply with the rules concerning expert disclosures and despite the fact that such "experts" have no legitimate expert testimony to offer.

Whether or not Ms. Diaz should be permitted to testify as to her "belief" concerning familial relations between Messrs. Nyan Patel, Chet Patel, and Mitch Patel, when such individuals are not, in reality, related to one another.

## VIII. REQUESTED AMENDMENTS TO THE PLEADINGS

Plaintiff:  None

Defendant: None, however, Defendant respectfully requests that the Court recognize its earlier Order dismissing all wrongful termination claims, both statutory and common law, which Order was entered upon the voluntary motion of the Plaintiff.

## IX.  MOTIONS IN LIMINE

1. Plaintiff's Motion in Limine to Exclude MCAD Lack of Probable Cause Finding
2. Plaintiff's Motion in Limine Exclude Anonymous Letter
3. Plaintiff's Motion in Limine to Exclude After-Acquired Evidence
4. Plaintiff's Motion to Preclude Expert testimony of Economist Neville S. Lee

Plaintiff reserves the right to file additional trial motions with reasonable notice to counsel.

1. Defendant's Motion to Preclude Plaintiff's Expert Witnesses
2. Defendant's Motion to Preclude the Testimony of Luz Perez and Dawn Fazio

Defendant reserves the right to file additional pretrial motions by March 3, 2011.

## X. LENGTH OF TRIAL

Plaintiff estimates trial will take seven days, assuming the trial runs from 9 a.m. to 1 p.m. each day.

Defendant estimates, that given the witness lists and delay issues with the interpretation of likely fifteen Spanish language witnesses, this trial may cover – at the minimum – ten days.

## XI. VOIR DIRE PROCEDURES

The parties propose that the above be filed on or before March 3, 2011.

## XII. FACT AND EXPERT WITNESSES

**Plaintiff**

**Expert Witnesses:**

The following treating professionals will testify as to plaintiff's emotional distress:

Samya Yamin, Psy.D
835 Washington Street
So. Easton, MA  02375

Betsy Ross, LICSW
1581 Beacon Street
Brookline, MA  02146

Jill Solomon, LICSW
1581 Beacon Street
Brookline, MA  02146

**Fact Witnesses:**

Daniela DePina
11 Bassett Street
Foxboro, MA 02035

Carmen Diaz
13 Columbus Avenue
West Bridgewater, MA  02379

Alicia Paulsen
Columbus Avenue
West Bridgewater, MA 02379

Marcos Castillo
45 Falcon St., Apt.1
East Boston, MA 02108

Mitesh Patel
24 Tamarock Terrace
Stoneham, MA 02180

Beth Bleakney
125 Brushwood Drive
Taunton, MA 02780

James Krusky                    Chetan Patel
207 West Broadway               16 Forest Road
Gardner, MA  01444              Brockton, MA 02301

Maria Hernandez                 Jorge Roque
1 Forest Place, Apt. 5          62 Wyman Street, Apt. 1
Roxbury, MA  02119              Jamaica Plain, MA  02130

Wanda Stecryishia
Kitchen Aide
28 Sedalia Road
Dorchester, MA  02122

Dulce Santos
35 Glendale Street, Apt. 2
Dorchester, MA 02125

Dawn Fazio
24A Liberty Place
Randolph, MA  02368

Michelie Augusta
9 Landor Street, 34d Floor
Mattapan, MA  02126

Sonya Joseph
18 Livingstone Street, Apt. 1
Dorchester, MA  02124

Bethann Scherer
380 Mohawk Road
Raynham, MA 02767

Rosa H. Morel
355 Massachusetts Ave, Apt. 3
Boston, MA 02115

Denise Brown
101 Floyd Street
Dorchester, MA 02125

Telma Ebanks
6 Waverly Street
Roxbury, MA 02119

Addresses to be provided for:

Ramon Suero
Raquel Segura
Luz Perez
Shrikant Ashar
Oralia Guzman

The plaintiff reserves the right to call any witness or to submit any exhibit listed by
defendants.  The plaintiff further reserves the right to supplement the witness and exhibit lists
prior to trial.

**Defendant**

**Expert Witnesses:**

Neville S. Lee, Ph.D.

Defendant reserves the right to call rebuttal witnesses to Plaintiff's designated expert witnesses if they are allowed as experts.

**Fact Witnesses:**

>James M. Krusky
>207 West Broadway
>Gardner, MA 01444

>Purpose of Testimony:  Including but not limited to knowledge of the grounds and circumstances leading to the termination of Plaintiff.

>Mitesh Patel
>24 Tamarock Terrace
>Stoneham, MA 02180

>Purpose of Testimony: Upon information and belief, including but not limited to knowledge of Plaintiff's work history at Holiday Inn Express while Mitesh Patel was employed by Jiten.  Mr. Patel will address the allegations of the Plaintiff as to his behavior.  Mr. Patel will address the reasons for Ms. Diaz's failure to receive a raise in 2005.

>Elena Bardales-Lopez
>1058 Bennington St, Apt. No. 2
>East Boston, MA 02128

>Purpose of Testimony:  Ms. Bardales-Lopez is expected to testify to her interactions with Plaintiff while co-workers at the HIE.  Ms. Bardales-Lopez is expected to testify that she witnessed the Plaintiff use discriminatory and offensive language while employed by Jiten.  Ms. Bardales-Lopez will also testify to the conduct she witnessed of Mitch Patel while she worked for him as General Manager.  Ms. Bardales-Lopez will also testify to the interactions she witnessed between Mitch Patel and Ms. Diaz.

>Dulce Santos
>35 Glendale Street, Apt. 2
>Dorchester, MA 02125

>Purpose of Testimony Ms. Santos is expected to testify as to her knowledge of the subject matter from which the claims in Plaintiff's complaint arise.  Jiten expects Ms. Santos to testify to the contents of the letter that was submitted to MCAD and

her interactions with Ms. Diaz while they both worked together at the Holiday Inn Express (HIE).

Bethellen Bleakney
125 Brushwood Drive
Taunton, MA 02780

Purpose of Testimony:   Ms. Bleakney is the HR Director for Jiten.  She is expected to testify as to her knowledge of the anonymous letter, and the procedures Jiten undertook to investigate the contents of that letter.  Ms. Bleakney is also expected to testify as to her involvement in the July 31, 2006 investigation and the decision to terminate Ms. Diaz.  Ms. Bleakney is expected to testify as to her knowledge of other complaints regarding Mitch Patel and the circumstances regarding the transfer of Mitch Patel from HIE to a Jiten-owned Courtyard Marriott in Revere, MA.  Ms. Bleakney is also expected to testify as to her knowledge of concerning Jiten policy on decisions concerning employee pay raises in her position as Vice President of Operations at Jiten Hotel Management, Inc.

Marco Castillo
45 Falcon St., Apt.1
East Boston, MA 02108

Purpose of Testimony:  Mr. Castillo is expected to testify as to his involvement in the July 31, 2006 investigation of the anonymous letter.  Mr. Castillo is also expected to testify to allegations that he allegedly coerced interviewees during the investigation process.  Mr. Castillo will testify as to his recollection of the conversations between he and Ms. Diaz.  Mr. Castillo is expected to testify as to his experience while working at HIE under GM Mitch Patel.

Chetan "Chet" Patel
16 Forest Road
Brockton, MA 02301

Purpose of Testimony:  Chet Patel is expected to testify to his knowledge of facts and circumstances surrounding Plaintiff's termination from the Holiday Inn Express.  Mr. Patel is also expected to testify as to the facts and circumstances concerning his supervision of Ms. Diaz as an employee at HIE from September 2005 to August 1, 2006.  Mr. Patel is also expected to testify as to the facts and circumstances concerning Ms. Diaz's raise in 2006.

Beth Scherer
380 Mohawk Road
Raynham, MA 02767

Purpose of Testimony:  Ms. Scherer is expected to testify as to her knowledge of facts and circumstances regarding her receipt of the anonymous letter.  Ms.

Scherer is also expected to testify as to her experience mediating a dispute between Ms. Diaz and Mitch Patel at HIE sometime in 2004 or 2005. Ms. Scherer is also expected to testify as to her knowledge of concerning Jiten policy on decisions concerning employee pay raises in her position as Vice President of Operations at Jiten Hotel Management, Inc.

Daniela DePina
11 Bassett Street
Foxboro, MA 02035

Purpose of Testimony:  Ms. DePina is expected to testify as to her interactions with Ms. Diaz when Ms. Diaz was Executive Housekeeper and Ms. Diaz served as Sales Manager.  Ms. DePina is expected to testify to her involvement as an interviewee during the July 31, 2006 interviews and what she stated to Ms. Bleakney and Chet Patel.  Ms. DePina will testify as to her transcribing of the statements of Ramon Suero and Dulce Santos.  Ms. DePina will testify as to the allegations of statements she alleged made by Ms. Diaz and Maria Hernandez.

Miranda Nikopulli
265 East Cottage Street Apt #2
Dorchester, MA 02125

Summary of Information:   Ms. Nikopulli is expected to testify as to her knowledge of the history of her interactions with Ms. Diaz while both were co-workers at HIE.  Defendant anticipates that Ms. Nikopulli will testify that Ms. Diaz used discriminatory and offensive language while employed at HIE in her presence.  Ms. Nikopulli is expected to testify as to her past disputes with Ms. Diaz.  Defendant also anticipates that Ms. Nikopulli will testify that she believes Daniela DePina drafted the anonymous letter.

Juana Guerrero
59 Saxton St, Apt No. 2
Dorchester, MA 02125

Purpose of Testimony:  Ms. Guerrero is expected to testify to her knowledge of her interactions with Ms. Diaz while a housekeeper at HIE in 2005. Ms. Guerrero will testify to racial statements that she heard Ms. Diaz utter while at work.  Ms. Guerrero will testify as to her experience while working for Mitch Patel while General Manager of HIE.

Rosa H. Morel
355 Massachusetts Ave, Apt. 3
Boston, MA 02115

<u>Purpose of Testimony</u>:  Ms. Morel is expected to testify to her experiences working with Ms. Diaz, Ramon Suero and Mitch Patel at the HIE from 2002 to August 2006.

Osvaldo Lopez-Vanegas
8 Berry Street
Dorchester, MA 02122

<u>Purpose of Testimony</u>:  Mr. Lopez-Vanegas is expected to testify to his past work history with Ms. Diaz while employed at the Holiday Inn Express since 1998. Mr. Lopez-Vanegas is expected to that he witnessed Ms. Diaz use discriminatory and offensive language while working at the HIE.  Mr. Lopez-Vanegas is also expected to testify as to his experiences and interactions from working with both Mitch Patel and Ms. Diaz at the HIE.  Mr. Lopez-Vanegas is expected to testify as to his experiences on July 31, 2006 concerning the investigation in the anonymous letter regarding Ms. Diaz.

Denise Brown
101 Floyd Street
Dorchester, MA 02125

<u>Purpose of Testimony</u>:  Ms. Brown is expected to testify as to her experiences working with both Ms. Diaz and Mitch Patel at the HIE. Ms. Brown is also expected to testify as to her involvement as an interviewee at the July 31, 2006 investigation.

Gabriel Umana
197 Havre Street Apt #2
East Boston, MA 02128

<u>Purpose of Testimony</u>:  Mr. Umana is expected to testify as to his experience with both working with Ms. Diaz and Mitch Patel while at HIE.

Telma Ebanks
6 Waverly Street
Roxbury, MA 02119

<u>Purpose of Testimony</u>:  Ms. Ebanks is expected to testify to her experiences working with Ms. Diaz at the HIE from 2003 to August 2006.  Defendant anticipates that Ms. Ebanks is expected to testify that portions of an affidavit that Ms. Diaz attached to Plaintiff's First Verified Complaint were false.  Defendant also anticipates that Ms. Ebanks will testify that Ms. Diaz dictated the entire letter to her and the statements within the letter were not her own.  Defendant anticipates that Ms. Ebanks will testify that the statement she made about Mr. Castillo is false.  Defendant anticipates that Ms. Ebanks will testify that certain statements within the English translation of her affidavit are not in the Spanish

handwritten version.  Defendant anticipates that Ms. Ebanks will also testify as to her experiences witnessing interactions between Ms. Diaz and Mitch Patel.

Anastacia Contreras
1058 Bennington Street Apt #2
East Boston, MA 02128

<u>Purpose of Testimony</u>:  Ms. Contreras is expected to testify as to her experiences working with Ms. Diaz at HIE for 10 years.  Ms. Contreras is also expected to testify to working under GM Mitch Patel from approximately 2002 to 2005.  Ms. Contreras is expected to testify as to Ms. Diaz's treatment of subordinate workers.  Ms. Contreras is expected to testify to her experience while working at HIE under Mitch Patel.

Miguel Benavides
10 Liroy Street Apt #2
Dorchester, MA 02122

<u>Purpose of Testimony</u>:  Mr. Benavides is expected to testify to his experience working with Ms. Diaz while at HIE.  Mr. Benavides is also expected to testify as to his experience while working at HIE under Mitch Patel.

Fatima F. Baez-Harrison
1149 Hyde Park Avenue, Apt. 1
Hyde Park, MA 02136

<u>Purpose of Testimony</u>:  Ms. Baez is expected to testify as to her experience working with Ms. Diaz as a housekeeper at HIE.  Ms. Baez is expected to testify to witnessing Ms. Diaz utter racially insensitive statements while at work at HIE.

Alex Torres
17 Norwell Street
Dorchester, MA 02121

<u>Purpose of Testimony</u>:  Mr. Torres is expected to testify as to his experience working with both Ms. Diaz and Mitch Patel at HIE in the years prior to August 1, 2006.

Defendant reserves the right to amend its witness list to include Plaintiff's witnesses or to call potential rebuttal witnesses to Plaintiff's witnesses.

## XIII. PROPOSED EXHIBITS

**Plaintiff's Proposed Exhibits:**

1.  Verified Amended Complaint

2.  Defendant's Answers to Interrogatories
3.  Defendant's Answers to Plaintiff's Request for Production of Documents
4.  Job Description of Executive Housekeeper
5.  Certified Mental Health Records of Betsy Ross, LICSW
6.  Certified Mental Health Records of Samya N. Yamin, Psy.D
7.  Certified Mental Health Records of Jill Solomon, LICSW
8.  Certified Medical records of Roger Komer, M.D.
9.  Warning Notice dated June 1, 2005 to Nelson Hernandez
10.  Salary Increase Guide dated May 30, 2001
11.  Termination Letter dated August 1, 2006
12  Payroll Records of Carmen Diaz
13.  Letter dated April 27, 2006 from Carmen Diaz to Chet Patel
14.  Performance Evaluations of Carmen Diaz
15.  Employee Awards of Carmen Diaz
16.  Absence Reports of Carmen Diaz
17.  MCAD Complaint
18.  Resume of Carmen Diaz
19.  Performance Warning of Carmen Diaz dated June 28, 2004
20.  Letter dated July 31, 2003 to Whom It May Concern from Beth Bleakney
21  Status/Payroll Change Reports of Carmen Diaz
22  Employment Application of Elvin M. Pimentel
23.  Employee Handbook
24.  Letter from Beth Bleakney to Tania Taveras dated November 6, 2006
25.  Personnel Records of Carmen Diaz
26.  Memorandum to Management From Carmen Diaz dated June 2, 1990
27.  Letter dated July 26, 2006 to Chet Patel from Carmen Diaz


**Defendants Proposed Exhibits:**

| NUMBER | DESCRIPTION | OBJECTIONS |
|:---:|:---|:---|
| 1 | Anonymous Letter, Post Dated July 24, 2006 to Beth Gleim, 495 Westgate Drive, Brockton MA 02401 | |
| 2 | Handwritten Notes of Bethellen Bleakney, Jiten Hotel Management, Inc. HR Director, July 31, 2006<br><br>JIT 0454-0455 | |
| 3 | Holiday Inn Express Boston, Employee Termination To: Carmen Llerena, August 1, 2006 | |
| 4 | Employee Warning Notice, Holiday Inn Express Boston RE: Carmen Llerena | |

| | | |
|---|---|---|
| | Date: June 28, 2004<br>RE: Complaint of Personal Remark by Miranda Nikopulli<br><br>JIT 0471 | |
| 5 | Complaint of Debra Smith, July 11, 2002 to Holiday Inn Express Boston<br><br>JIT 0479-0480 | |
| 6 | Holiday Inn Express Housekeeping Schedule for Week of July 31, 2006<br><br>JIT 0286 | |
| 7 | Punch Detail Report of Employees of Holiday Inn Express Boston<br><br>August 7, 2006;  JIT 0288-0302 | |
| 8 | Jiten Hotel Management, Inc. Status/Payroll Change Reports<br>RE: Carmen L. Diaz<br>From 4/24/97 to 8/1/06<br>Range: JIT 063 to 0364 | |
| 9 | Jiten Hotel Management, Inc. Employee Performance Evaluations<br>RE: Carmen Llerena<br>4/29/00 to 5/21/03<br>Range: JIT 0067, 0069, 0065, 0204 | |
| 10 | Jiten Hotel Management, Inc. Absence Reports<br>RE: Carmen Llerena<br>11/2/98 to 8/1/06<br><br>Bates Range: JIT 0116 to 0264 | |
| 11 | Jiten Hotel Management, Inc. Vacation Requests<br>Re: Carmen R. Llerena<br>12/17/98 to 8/1/06<br>Bates Range: JIT 0163 to 0240 | |
| 12 | Holiday Inn Express Employee Statements<br>November 6, 2006<br>RE: Participation in interview July 31, 2006<br><br>Bates Range: JIT 0315-0335 | |
| 13 | Maria Hernandez Statement, 9/22/06<br>English/Spanish translations | |
| 14 | Jorge Roque Statement, 9/28/06<br>English/Spanish translations | |
| 15 | Telma Ebanks Statement, 9/26/06<br>English/Spanish translations | |
| 16 | Lady Alzate Statement, 11/20/06 | |

| | English/Spanish translations | |
|---|---|---|
| 17 | Raquel Segurra Statement, 11/4/06<br>English/Spanish translations | |
| 18 | Oralia Guzman statement, 11/4/06<br>English/Spanish translations | |
| 19 | Letter, June 6, 2005 of Jill Solomon, LICSW | |
| 20 | MCAD Complaint of Carmen Llerena, 8/7/06 | |
| 21 | MCAD Interrogatories to Jiten Hotel Management, Inc.<br>8/8/06 | |
| 22 | Jiten Hotel Management, Inc. Answers to MCAD<br>Interrogatories, 8/28/06 | |
| 23 | Position Statement of Jiten Hotel Management, Inc. to<br>MCAD, 8/28/06 | |
| 24 | Jiten Hotel Management, Inc. Response to MCAD<br>11/6/06 | |
| 25 | Jiten Hotel Management, Inc. Follow Up to Position<br>Statement, 11/6/06 (Containing Written Statements of<br>Ramon Suero, Dulce Santos, and Daniella DePina) | |
| 26 | Rebuttal of Carmen Llerena to the Position Statement filed<br>by Jiten Hotel Management, Inc.<br>1/31/07 | |
| 31 | Letter of Carmen L. Diaz and Alicia Llerena to MCAD<br>8/7/07 | |
| 32 | Facsimile from Beth Bleakney to Kim Boyd<br>RE: Carmen Llerena<br>8/10/2007<br>(Containing Statements of Chet Patel, Beth Bleakney, Elena<br>Bardales, Daniela DePina, and Ramon Suero) | |
| 33 | MCAD Memorandum, 8/28/07 to Howard Wilgoren, Esq. | |
| 34 | MCAD Memorandum, undated, RE: Dismissal and<br>Notification of Rights, Carmen Llerena v. Jiten Hotel<br>Management | |
| 37 | MCAD Dismissal and Notification of Rights<br>6/29/07 | |
| 38 | Jiten Hotel Management, Inc. Handbook Portions Provided<br>to MCAD | |
| 39 | Sexual Harassment Policies of Jiten Hotel Management, Inc.<br>and South Bay Sandeep Management, Inc. Signed by Carmen<br>L. Diaz<br>4/24/97 and 10/11/05 | |
| 40 | Elvin Pimental Personnel File<br>JIT 0556 to 0580 | |
| 41 | Tax Returns of Carmen L. Diaz from 2002 to 2007 | |
| 42 | Defendant Jiten Hotel Management, Inc.'s Answers to<br>Plaintiff's First Set of Interrogatories, 1/26/2009 | |
| 43 | Defendant Jiten Hotel Management, Inc.'s Responses to the | |

| | First Request for Production of Documents By Plaintiff Carmen Llerena Diaz, February 18, 2009 | |
| 44 | Defendant Jiten Hotel Management, Inc.'s First Supplemental Answers to Plaintiff's First Set of Interrogatories, 3/31/2009 | |
| 45 | Defendant Jiten Hotel Management, Inc.'s Answer and Document Response to Plaintiff's Second Set of Interrogatories/Request for Production of Documents, 5/15/09 | |
| 46 | Plaintiff's Answers to Defendant's First Set of Interrogatories, 11/4/08 | |
| 47 | Plaintiff's Supplemental Answers to Defendant's First Set of Interrogatories, March 12, 2010 | |
| 48 | Second Declaration of Bethellen Bleakney Submitted in Support of the Reply of Jiten Hotel Management, Inc. to the Opposition of Plaintiff to Defendant's Motion for Summary Judgment, 8/3/10 | |
| 49 | Declaration of Mitesh Patel Submitted in Support of the Reply of Jiten Hotel Management, Inc. to the Opposition of Plaintiff to Defendant's Motion for Summary Judgment, 8/3/10 | |
| 50 | Declaration of Bethellen Bleakney Submitted in Support of Memorandum in Support of Defendant Jiten Hotel Management, Inc.'s Motion for Summary Judgment, 5/14/10 | |
| 51 | Affidavit of Maria Hernandez, June 28, 2010 | |
| 52 | Expert Report of Neville S. Lee, Ph.D., RE: Loss of Back Pay and Front Pay of Ms. Carmen Llerena Diaz, 8/24/2009 | |
| 53 | Plaintiff's Answers to Defendant's First Request for Production of Documents | |
| 54 | Jiten Hotel Management, Inc. Payroll Records for Holiday Inn Express Boston and other similarly situated properties | |

Defendant reserves the right to amend this pretrial memorandum with further exhibits on or by March 3, 2011.

The parties propose that they will file an amended pretrial memorandum on or by March 3, 2011 that will contain "Objected To" and "UnObjected To" exhibit lists.

## XIV.  JURY INSTRUCTIONS

The parties propose that the above be filed on or before March 3, 2011.

Respectfully submitted,

Defendant,                                    Plaintiff,
**JITEN HOTEL MANAGEMENT, INC.**   **CARMEN LLERENA DIAZ**
By its attorneys,                              By her attorney,

/s/Ryan C. Siden                             /s/ Lynn A. Leonard
Ryan C. Siden (BBO #646138)         Lynn A. Leonard (BBO #561662)
Siden & Associates, P.C.                  Attorney-at-Law
20 Park Plaza, Suite 804                   527 Main Street, Suite 8
Boston, MA 02116                           Melrose, MA 02176
(617) 423-5999                               (781) 662-6161

/s/ Evan Fray-Witzer
Evan Fray-Witzer (BBO #564349)
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 804
Boston, MA 02116
(617) 426-0000

Dated: February 24, 2011


### CERTIFICATE OF SERVICE

I, Ryan C. Siden, counsel for Defendant Jiten Hotel Management, Inc. hereby certify that a true copy of the document attached hereto, Joint Pretrial Memorandum, has been served via the ECF System on all counsel of record this 24th day of February 2011 and on every other party not registered via U.S. First Class Mail.

/s/ Ryan C. Siden
Ryan C. Siden