```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
 _____
                                )
CARMEN LLERENA DIAZ,            )
                                )
            Plaintiff,          )
         v.                     )  CIVIL ACTION
                                )  No. 08-10143-WGY
JITEN HOTEL MANAGEMENT, INC.,   )
                                )
            Defendant.          )
 _____ )
```

MEMORANDUM AND ORDER

YOUNG, D.J.                                             March 15, 2013

**I.    INTRODUCTION**

On November 8, 2011, this Court published a memorandum and order in this case ordering Jiten Hotel Management, Inc. ("Jiten") to pay $25,000 in attorney's fees.  Diaz v. Jiten Hotel Mgmt., Inc., 822 F. Supp. 2d 74, 84 (D. Mass. 2011).  After an appeal by the plaintiff, Carmen Llerena Diaz ("Diaz"), the First Circuit affirmed in part, reversed in part, and remanded for further proceedings by this Court.  Diaz v. Jiten Hotel Mgmt., Inc., 704 F.3d 150, 155 (1st Cir. 2012).  This Court now decides the three remaining issues in this case: (1) calculating the attorney's fees, (2) ascertaining litigation costs, and (3) determining pre- and post-judgment interest on the compensatory damages award and the attorney's fees award.

**II.   ANALYSIS**

This Court takes its earlier attorney's fees and costs determination, see Diaz, 822 F. Supp. 2d 74, and the First Circuit's review of the matter, see Diaz, 704 F.3d 150, as its starting point.  As such, this memorandum will highlight when this Court is responding to the First Circuit's mandate and areas which are departures from its earlier reasoning.  Silence on a matter reflects this Court's conclusion that its earlier opinion accurately reflects the law and the decision in this matter and requires no further elaboration.

    **A.   Attorney's Fees**

In its original determination, this Court reduced the attorney's fees from $44,766 "to $25,000, which is the amount [the attorney] would have received under a normal one-third contingency agreement had Diaz accepted Jiten's settlement offer."  Diaz, 822 F. Supp. 2d at 82.  The First Circuit rejected this reduction as placing "an undue emphasis on Diaz's rejection of a pre-trial $75,000 settlement offer."  Diaz, 704 F.3d at 154.

Furthermore, Diaz entreats this Court to recalculate the number of hours Diaz's attorney, Lynn A. Leonard ("Leonard"), spent working on the viable claims in this case.  Pl.'s Br. Atty's Fees & Costs Subject Remand First Cir. Ct. Appeals ("Pl.'s Br.") 2-7, ECF No. 173.  Originally, this Court calculated the hours by "reduc[ing] Diaz's requested attorneys' fees by

two-thirds, reflecting the four of her six claims that she either voluntarily dismissed after realizing that they were not viable or acknowledged were barred by statute." Diaz, 822 F. Supp. 2d at 80. This Court lamented that:

> Ideally, the Court would be able specifically to reduce the request by the number of hours worked on the unviable claims. The Invoices do not, however, provide a level of detail to allow the Court to do so. The Court therefore uses the two-thirds deduction as an approximation for the number of hours spent working on the four claims that were not viable.

Id. Invoking Federal Rule of Civil Procedure 60(a) ("Rule 60(a)"), Diaz twice previously has requested that this Court reconsider that decision and recalculate the compensable hours. Mot. Correct Mathematical Error Pursuant Fed. R. Civ. P. 60(a), ECF No. 164; Pl.'s Second Mot. Correct Oversight Omission Mathematical Computation Pursuant Fed. R. Civ. P. 60(a), ECF No. 170. Diaz argues that rather than simply taking a two-thirds haircut, this Court ought have reduced "only hours expended during the pendency of the unsuccessful claims." Pl.'s Br. 3.

Upon reflection, this argument convinces this Court.[1] After all, the Court was striving to "approximat[e] . . . the number of hours spent working on the four claims that were not viable" and to exclude that time from Leonard's compensation. Diaz, 822 F.

---

[1] Despite being wrong originally, see Diaz, 822 F. Supp. 2d 74, and twice rejecting motions to correct this error, see Elec. Order, Oct. 11, 2012, ECF No. 166; Elec. Order, Nov. 13, 2012, ECF No. 174, this Court recognizes that Rule 60(a) today provides an avenue for correcting this mistake.

Supp. 2d at 80.  The Court can and should use the information originally submitted to approximate the compensable hours as accurately as possible.

Therefore, this Court has gone back to the original invoice submitted by Leonard.  <u>See</u> Mem. Law Supp. Pl.'s Mot. Att'y's Fees & Costs, Ex. 1, Invoice #10922 ("Invoice"), ECF No. 132-1.  Using the Invoice, the Court has recalculated the reduction for unsuccessful claims and the total compensable hours.  The Court has determined that attorney's fees should be calculated based on 313.15 compensable hours.  At a rate of $300 per hour, this makes the total lodestar amount $93,945.

The Court completed this calculation in the following manner.[2]  First, it reviewed each line of the Invoice and reduced the total hours billed by half of the amount of travel time involved.  Thus, for example, if three hours were billed, two of which constituted travel time, then this was reduced to two hours.  The resulting hours formed the basis for the rest of the Court's calculations and are shown in the second column, labeled "Hours Expended" in the Appendix.

Second, the Court then determined how many successful claims were involved in any line of the Invoice and added this number to the third column, labeled "Successful Claims" in the Appendix.

---

[2] To follow along with the Court's calculation, please see the full chart in the Appendix.

4

The trick here is to determine which actions were not related to the successful claims.  For example, neither the drafting of a motion to dismiss the unviable claims on September 2, 2009, nor the state court appearance for a motion to continue a separate trial on March 28, 2011, have anything to do with the successful claims in this case.  Thus, while most rows of the Invoice are associated with two successful claims, in each of those examples, there were zero successful claims associated with those expended hours.

Third, the Court determined how many claims were procedurally live at the time each Invoice line-item took place and added this number to the fourth column, labeled "Total Claims" in the Appendix.  At the start of the case, there were six claims.  This number was reduced as claims were dismissed, dropping to four after September 2, 2009, to three after November 27, 2009, and finally just to the two successful claims after June 28, 2010.[3]

Finally, having determined the hours expended, the number of successful claims, and the number of total claims for any given line of the Invoice, the Court simply multiplied hours expended

---

[3] While Judge Gertner may have reinstated <u>sua sponte</u> a single claim on January 21, 2011, this Court has chosen not to reduce attorney's fees as a result of this reinstatement.  The claim was again dismissed less than two months later on March 4, 2011.  After all, it would be unfair to reduce an attorney's fees for unviable claims reinstated <u>sua sponte</u> by the trial judge.

5

by the ratio of successful claims divided by total claims for each line.  The result is reflected in the fifth and final column, labeled "Compensable Hours."  In this way, the Court reduced the hours expended on any given Invoice line by the fraction of the claims that were substantively unviable out of all of those procedurally live.  Then, the Court simply summed all of the individual Invoice lines of compensable hours to get to the total number of compensable hours, 313.15.[4]

The Court sees no significant reason to make any further adjustments up or down.

**B.   Costs**

As the First Circuit pointed out, this Court mistakenly deducted the costs of the transcripts of the depositions of Maria Hernandez ($462.10), Maria Lopez ($243.00), and Denise Brown ($541.50), three witnesses who did testify at trial.  See Diaz, 704 F.3d at 154-55; see also Diaz, 822 F. Supp. 2d at 84.  These costs should be included in litigation costs.  Thus, the Court should have deducted a total of $2,388.37 for deposition transcripts of unused witnesses.  After deducting administrative overhead ($319.63), see Diaz, 822 F. Supp. 2d at 84, the Court rules that Diaz is entitled to recover costs in the amount of $10,681.34.

---

[4] This amount of hours included the post-trial requested hours.

**C.    Interest**

This Court, recognizing the First Circuit's determination that Ms. Diaz is entitled to pre-judgment interest on the compensatory damages award, orders payment of pre-judgment interest from the time she filed suit, January 30, 2008.  See Diaz, 704 F.3d at 155.  She is also entitled to post-judgment interest on the attorney's fee award.  See id.; see also Nardone v. Patrick Motor Sales, Inc., 46 Mass. App. Ct. 452, 453 n.3 (1999).  By statute, post-judgment interest is calculated by applying a uniform federal rate.  28 U.S.C. § 1961 (2006).  Post-judgment interest should be paid on the entire judgment including the compensatory damages award, the attorney's fee award, and litigation costs at the federal rate from the date judgment was entered, April 5, 2011.

## III. CONCLUSION

For the reasons enumerated above, the Court AMENDS its earlier Memorandum & Order.  See Diaz, 822 F. Supp. 2d 74, ECF No. 151.  Jiten shall compensate Diaz in the amount of $93,945 for reasonable attorney's fees and $10,681.34 for the costs of litigation.  Post-judgment interest shall be paid on the entire judgment at the federal rate from April 5, 2011.

SO ORDERED.

                                        /s/ William G. Young  
                                        William G. Young  
                                        District Judge

**APPENDIX**

| Date | Hours Expended* | Successful Claims | Total Claims | Compensable Hours |
|---|---|---|---|---|
| 7/1/2008 | 1.80 | 2 | 6 | 0.60 |
| 7/9/2008 | 2.30 | 2 | 6 | 0.77 |
| 8/8/2008 | 0.80 | 2 | 6 | 0.27 |
| 8/12/2008 | 4.40 | 2 | 6 | 1.47 |
| 8/15/2008 | 4.00 | 2 | 6 | 1.33 |
| 8/16/2008 | 0.50 | 2 | 6 | 0.17 |
| 8/18/2008 | 1.80 | 2 | 6 | 0.60 |
| 8/18/2008 | 0.60 | 2 | 6 | 0.20 |
| 8/19/2008 | 2.50 | 2 | 6 | 0.83 |
| 9/23/2008 | 0.30 | 2 | 6 | 0.10 |
| 9/25/2008 | 1.40 | 2 | 6 | 0.47 |
| 9/26/2008 | 5.00 | 2 | 6 | 1.67 |
| 9/29/2008 | 0.20 | 2 | 6 | 0.07 |
| 9/30/2008 | 1.00* | 2 | 6 | 0.33 |
| 10/6/2008 | 3.00 | 2 | 6 | 1.00 |
| 10/14/2008 | 2.30 | 2 | 6 | 0.77 |
| 10/27/2008 | 1.70 | 2 | 6 | 0.57 |
| 11/4/2008 | 4.50 | 2 | 6 | 1.50 |
| 11/10/2008 | 4.00 | 2 | 6 | 1.33 |
| 11/11/2008 | 0.80 | 2 | 6 | 0.27 |
| 11/17/2008 | 0.40 | 2 | 6 | 0.13 |
| 12/4/2008 | 2.00 | 2 | 6 | 0.67 |
| 12/5/2008 | 1.20 | 2 | 6 | 0.40 |
| 12/8/2008 | 1.30 | 2 | 6 | 0.43 |
| 12/9/2008 | 2.30 | 2 | 6 | 0.77 |
| 12/10/2008 | 1.50 | 2 | 6 | 0.50 |
| 12/11/2008 | 2.40 | 2 | 6 | 0.80 |
| 12/14/2008 | 1.50 | 2 | 6 | 0.50 |
| 12/15/2008 | 1.00 | 2 | 6 | 0.33 |
| 12/15/2008 | 5.20 | 2 | 6 | 1.73 |
| 12/16/2008 | 1.70 | 2 | 6 | 0.57 |
| 1/10/2009 | 3.00 | 2 | 6 | 1.00 |
| 1/12/2009 | 7.80* | 2 | 6 | 2.60 |
| 1/15/2009 | 0.20 | 2 | 6 | 0.07 |
| 1/26/2009 | 2.80 | 2 | 6 | 0.93 |
| 1/26/2009 | 0.10 | 2 | 6 | 0.03 |
| 1/27/2009 | 2.50 | 2 | 6 | 0.83 |
| 1/30/2009 | 7.30* | 2 | 6 | 2.43 |
| 2/13/2009 | 2.00 | 2 | 6 | 0.67 |

| Date | Hours Expended* | Successful Claims | Total Claims | Compensable Hours |
|---|---|---|---|---|
| 2/13/2009 | 1.60 | 2 | 6 | 0.53 |
| 2/17/2009 | 2.80* | 2 | 6 | 0.93 |
| 2/18/2009 | 2.20 | 2 | 6 | 0.73 |
| 2/19/2009 | 4.00 | 2 | 6 | 1.33 |
| 2/20/2009 | 0.60 | 2 | 6 | 0.20 |
| 3/7/2009 | 3.00 | 2 | 6 | 1.00 |
| 3/12/2009 | 1.20* | 2 | 6 | 0.40 |
| 3/13/2009 | 5.50* | 2 | 6 | 1.83 |
| 3/16/2009 | 2.40* | 2 | 6 | 0.80 |
| 3/31/2009 | 0.20 | 2 | 6 | 0.07 |
| 3/31/2009 | 1.50 | 2 | 6 | 0.50 |
| 4/4/2009 | 3.00 | 2 | 6 | 1.00 |
| 4/17/2009 | 1.30 | 2 | 6 | 0.43 |
| 5/6/2009 | 1.30 | 2 | 6 | 0.43 |
| 5/7/2009 | 0.10 | 2 | 6 | 0.03 |
| 5/7/2009 | 3.60* | 2 | 6 | 1.20 |
| 5/8/2009 | 2.00 | 2 | 6 | 0.67 |
| 5/14/2009 | 0.20 | 2 | 6 | 0.07 |
| 5/15/2009 | 2.70 | 2 | 6 | 0.90 |
| 5/15/2009 | 1.30 | 2 | 6 | 0.43 |
| 5/18/2009 | 1.20 | 2 | 6 | 0.40 |
| 6/8/2009 | 2.70 | 2 | 6 | 0.90 |
| 6/15/2009 | 0.40 | 2 | 6 | 0.13 |
| 6/18/2009 | 2.70 | 2 | 6 | 0.90 |
| 6/22/2009 | 0.20 | 2 | 6 | 0.07 |
| 7/1/2009 | 2.70 | 2 | 6 | 0.90 |
| 7/1/2009 | 2.20 | 2 | 6 | 0.73 |
| 7/7/2009 | 3.00 | 2 | 6 | 1.00 |
| 7/8/2009 | 1.75* | 2 | 6 | 0.58 |
| 7/10/2009 | 3.15* | 2 | 6 | 1.05 |
| 7/13/2009 | 0.75 | 2 | 6 | 0.25 |
| 7/13/2009 | 4.40* | 2 | 6 | 1.47 |
| 8/17/2009 | 0.90 | 2 | 6 | 0.30 |
| 8/28/2009 | 0.30 | 2 | 6 | 0.10 |
| 8/28/2009 | 3.30 | 2 | 6 | 1.10 |
| 8/31/2009 | 1.80* | 2 | 6 | 0.60 |
| 8/31/2009 | 2.00 | 0** | 6 | 0.00 |
| 9/2/2009 | 1.00 | 0** | 6 | 0.00 |
| 9/8/2009 | 0.30 | 0** | 4 | 0.00 |

| Date | Hours Expended* | Successful Claims | Total Claims | Compensable Hours |
|---|---|---|---|---|
| 9/10/2009 | 0.20 | 2 | 4 | 0.10 |
| 9/17/2009 | 0.10 | 0** | 4 | 0.00 |
| 9/24/2009 | 0.30 | 2 | 4 | 0.15 |
| 11/8/2009 | 2.50 | 2 | 4 | 1.25 |
| 11/9/2009 | 3.80* | 2 | 4 | 1.90 |
| 11/10/2009 | 0.90* | 2 | 4 | 0.45 |
| 11/25/2009 | 0.50 | 2 | 4 | 0.25 |
| 11/27/2009 | 0.40 | 0** | 4 | 0.00 |
| 12/4/2009 | 0.20 | 2 | 3 | 0.13 |
| 1/4/2010 | 3.40* | 2 | 3 | 2.27 |
| 1/13/2010 | 0.20 | 2 | 3 | 0.13 |
| 3/8/2010 | 0.20 | 2 | 3 | 0.13 |
| 3/11/2010 | 3.30* | 2 | 3 | 2.20 |
| 3/12/2010 | 0.20 | 2 | 3 | 0.13 |
| 3/22/2010 | 1.30 | 2 | 3 | 0.87 |
| 3/23/2010 | 1.30* | 2 | 3 | 0.87 |
| 4/10/2010 | 0.50 | 2 | 3 | 0.33 |
| 4/13/2010 | 0.20 | 2 | 3 | 0.13 |
| 4/17/2010 | 2.00 | 2 | 3 | 1.33 |
| 5/14/2010 | 2.00 | 2 | 3 | 1.33 |
| 6/3/2010 | 0.30 | 2 | 3 | 0.20 |
| 6/16/2010 | 7.50 | 2 | 3 | 5.00 |
| 6/17/2010 | 7.50 | 2 | 3 | 5.00 |
| 6/18/2010 | 7.50 | 2 | 3 | 5.00 |
| 6/19/2010 | 7.50 | 2 | 3 | 5.00 |
| 6/20/2010 | 7.50 | 2 | 3 | 5.00 |
| 6/27/2010 | 3.00 | 2 | 3 | 2.00 |
| 6/28/2010 | 2.10 | 2 | 3 | 1.40 |
| 6/29/2010 | 3.00 | 2 | 2 | 3.00 |
| 7/8/2010 | 0.10 | 2 | 2 | 0.10 |
| 7/26/2010 | 0.20 | 2 | 2 | 0.20 |
| 8/3/2010 | 0.60 | 2 | 2 | 0.60 |
| 11/18/2010 | 3.50* | 2 | 2 | 3.50 |
| 12/28/2010 | 0.30 | 2 | 2 | 0.30 |
| 1/21/2011 | 1.50 | 2 | 2 | 1.50 |
| 2/5/2011 | 7.00 | 2 | 2 | 7.00 |
| 2/22/2011 | 3.80 | 2 | 2 | 3.80 |
| 2/22/2011 | 0.20 | 2 | 2 | 0.20 |
| 2/23/2011 | 4.00 | 2 | 2 | 4.00 |

| Date | Hours Expended* | Successful Claims | Total Claims | Compensable Hours |
|------|-----------------|-------------------|--------------|-------------------|
| 2/24/2011 | 3.40* | 2 | 2 | 3.40 |
| 2/25/2011 | 2.00 | 2 | 2 | 2.00 |
| 2/26/2011 | 4.90 | 2 | 2 | 4.90 |
| 2/27/2011 | 8.50 | 2 | 2 | 8.50 |
| 3/3/2011 | 0.40 | 2 | 2 | 0.40 |
| 3/4/2011 | 1.30 | 2 | 2 | 1.30 |
| 3/4/2011 | 1.90 | 2 | 2 | 1.90 |
| 3/5/2011 | 0.70 | 2 | 2 | 0.70 |
| 3/5/2011 | 2.00 | 2 | 2 | 2.00 |
| 3/5/2011 | 0.40 | 2 | 2 | 0.40 |
| 3/6/2011 | 1.20 | 2 | 2 | 1.20 |
| 3/6/2011 | 0.50 | 2 | 2 | 0.50 |
| 3/7/2011 | 0.20 | 2 | 2 | 0.20 |
| 3/7/2011 | 2.10* | 2 | 2 | 2.10 |
| 3/9/2011 | 4.10* | 2 | 2 | 4.10 |
| 3/11/2011 | 0.80 | 2 | 2 | 0.80 |
| 3/15/2011 | 0.40 | 2 | 2 | 0.40 |
| 3/15/2011 | 0.40 | 2 | 2 | 0.40 |
| 3/16/2011 | 1.40* | 2 | 2 | 1.40 |
| 3/16/2011 | 0.70 | 2 | 2 | 0.70 |
| 3/17/2011 | 12.50 | 2 | 2 | 12.50 |
| 3/18/2011 | 0.20 | 2 | 2 | 0.20 |
| 3/18/2011 | 12.30 | 2 | 2 | 12.30 |
| 3/18/2011 | 0.10 | 2 | 2 | 0.10 |
| 3/19/2011 | 10.90 | 2 | 2 | 10.90 |
| 3/20/2011 | 0.20 | 2 | 2 | 0.20 |
| 3/20/2011 | 12.00 | 2 | 2 | 12.00 |
| 3/21/2011 | 12.80* | 2 | 2 | 12.80 |
| 3/22/2011 | 13.50* | 2 | 2 | 13.50 |
| 3/23/2011 | 13.50* | 2 | 2 | 13.50 |
| 3/24/2011 | 7.00* | 2 | 2 | 7.00 |
| 3/26/2011 | 2.50 | 2 | 2 | 2.50 |
| 3/26/2011 | 1.50 | 2 | 2 | 1.50 |
| 3/28/2011 | 1.50 | 0** | 2 | 0.00 |
| 3/28/2011 | 1.20 | 2 | 2 | 1.20 |
| 3/31/2011 | 7.40 | 2 | 2 | 7.40 |
| 3/31/2011 | 1.00 | 2 | 2 | 1.00 |
| 4/3/2011 | 10.00 | 2 | 2 | 10.00 |
| 4/4/2011 | 9.00* | 2 | 2 | 9.00 |

| Date | Hours Expended* | Successful Claims | Total Claims | Compensable Hours |
|---|---|---|---|---|
| 4/6/2011 | 4.00 | 2 | 2 | 4.00 |
| 4/7/2011 | 2.00 | 2 | 2 | 2.00 |
| 4/8/2011 | 2.00 | 2 | 2 | 2.00 |
| 4/14/2011 | 2.00 | 2 | 2 | 2.00 |
| 4/18/2011 | 2.00 | 2 | 2 | 2.00 |
| Post-Trial | 15.80 | 2 | 2 | 15.80 |
| **Total** | **433.35** | **2** | **6** | **313.15** |

\* Total hours have been reduced to account for travel hours being compensated at half rate.

\*\* There was no successful claim associated with this billing.